UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| WILLIAM MCCARTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-35-ART |
| | ) | |
| v. | ) | |
| | ) | |
| TRANE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William McCarty brought this action pursuant to the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, against Defendants Trane and the Trane Pension Plan Board. He filed a Motion for Summary Judgment, R. 19, to which Defendants responded, R. 20.

BACKGROUND

On April 1, 2004, Trane eliminated McCarty's job and laid him off. *See* Administrative Record (AR) at 253. Shortly thereafter, McCarty sought disability benefits under the Union Hourly Pension Plan of American Standard, Inc., which has since been replaced with the Trane Pension Plan ("the Plan"). *See id.* at 86. In his July 28, 2004, application for permanent disability, he indicated that his last day of work was February 19, 2004, and that his disability retirement date would be September 1, 2004. *Id.* The Pension Plan Board ultimately denied his application and appeals because it determined that he did not meet the definition of disability under the plan. *Id.* at 3–4. He did not challenge this determination in Court.

At some point, McCarty also filed for Social Security Benefits under Title II of the Social Security Act. *See generally id.* at 111–20 (Social Security Determination). On October 9, 2007, the Social Security Administration determined that McCarty had been disabled and entitled to benefits since September 25, 2006. *Id.* at 119.

Following this decision, in November 2007, Plaintiff again filed an application for disability benefits under the plan. *Id.* at 109–10. This time he cited to Plan provision 2.15, which provides "a Member who is entitled to Permanent Disability Benefits under Title II of the Social Security Act shall be deemed to be Permanently Disabled . . . ." *Id.* at 6, 109–120.

The Plan immediately denied this application on the basis that McCarty was terminated on March 31, 2004, and his benefit service with the company broke on March 31, 2006. *Id.* at 108. The Plan administrator concluded that the favorable Social Security determination did not provide proof that McCarty was totally and permanently disabled by the time his service broke on March 31, 2006. *Id.* On appeal, the administrator affirmed this decision, stating,

> Your client has resubmitted a request for a disability pension, with no new substantiating information except for the decision by the Social Security Administration finding him permanently disabled and eligible for permanent disability benefits, effective September 29 [sic], 2006. Unfortunately, this is several months after the date his service with the company and under the Plan had been broken due to the two year layoff.

*Id.* at 1–2.

McCarty now seeks review of the January 22, 2008, decision denying him long-term benefits under the Plan. *See* R. 19 at 1. Because the Court concludes that the denial was not arbitrary and capricious, McCarty's Motion, R. 19, will be denied, and judgment will be entered in favor of the Defendants.

## STANDARD AND SCOPE OF REVIEW

The first step in an ERISA-governed benefits action is to determine the applicable standard of review—either arbitrary and capricious or *de novo*—based on the language in the benefit plan. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, both parties agree that the Court should review the administrator's denial of benefits under the arbitrary and capricious standard of review. R. 16.

"[T]he arbitrary and capricious standard is the least demanding form of judicial review of administrative action." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). When applying this standard, this Court "must decide whether the plan administrator's decision was 'rational in light of the plan's provisions.'" *Id.* (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)). Stated differently, "[w]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989) (quoting *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 209 (7th Cir. 1985)). But simply because the arbitrary and capricious standard applies does not mean that this Court's review is inconsequential. *Moon v. UNUM Provident Corp.*, 405 F.3d 373, 379 (6th Cir. 2005).

The Court's review of the administrative decision must be based only upon the material in the administrative record, and therefore, the Court "may not consider new evidence or look beyond the record that was before the plan administrator." *See Wilkins v. Baptist Mem'l Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998); *see also Crews v. Central States*, 788 F.2d 332 (6th Cir. 1986) (limiting the review to the record before the administrator when the standard is arbitrary and capricious). The Court may consider the parties' arguments concerning the proper analysis of the evidentiary materials in the administrative record, but it may not admit or consider any evidence not

presented to the administrator. *Id.*

## ANALYSIS

The question before this Court is simple: Did social security's decision relate to a period when the Plan covered McCarty. The answer is no. Thus, the administrator's decision was correct and clearly not arbitrary and capricious.

Under the plan, Members are only entitled to benefits if they are current employees or have unbroken benefit service when they become disabled. *See* A.R. at 5–6. A Member's Benefit Service is broken by "absence due to a layoff which continues for more than two (2) years[.]" *Id.* at 5. In other words, the Plan gives a Member–such as McCarty–two extra years of Member Benefit Service in which to apply for disability benefits. Consequently, in this case the pertinent date is not his lay-off date, but rather the date on which his benefits expired: March 31, 2006.

Plaintiff argues that there was no break in his benefit service because the conditions on which the Social Security Administration based its award occurred while he was still employed at Trane. R. 19 at 3. But it is clear from the record that Trane found those conditions did not amount to total and permanent disability immediately after McCarty was laid-off because it denied him long-term benefits under the Plan on that basis in December of 2004. *See id*. at 3–4. He never challenged that decision in court and any challenge now is untimely. Thus, the previous decision is binding.

Moreover, the Social Security Administration did not find that he was disabled during the pertinent period. In fact, on October 7, 2007, the Social Security Administration found him disabled as of September 25, 2006. *See id.* at 111–20. If McCarty had submitted evidence that he was disabled prior to September 25, 2006, the Social Security Administration surely could have back-dated his entitlement to whenever his disability began. But, they did not backdate his entitlement to the date his Trane employment ended, nor did they backdate it to any date before his service was

broken–which was March 31, 2006. Consequently, no evidence exists in this record demonstrating that the Administrator's decision was incorrect, let alone arbitrary and capricious.

## CONCLUSION

Accordingly, it is ordered as follows:

(1) The Defendants' administrative decision denying the Plaintiff benefits is **AFFIRMED**.

(2) The Plaintiff's Motion for Summary Judgment, R. 19, is **DENIED**.

(3) Any other pending motions are **DENIED AS MOOT**.

(4) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 27th day of February, 2009.

Signed By:
*Amul R. Thapar*   AT
United States District Judge